Filed 7/21/26  P. v. Rivera CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER RYAN RIVERA,<br><br>    Defendant and Appellant. | B346457<br><br>(Los Angeles County<br>Super. Ct. No. KA115815) |

THE COURT:

Defendant and appellant Christopher Ryan Rivera (defendant) appeals from a postconviction order after resentencing pursuant to Penal Code[1] section 1172.1, subdivision (a)(1).  Defendant's appointed counsel identified no arguable issues and filed a brief requesting we exercise our discretion to conduct an independent review of the record as set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental brief.  We affirm the resentencing order.

---

[1] All further undesignated statutory references are to the Penal Code.

## BACKGROUND

In 2018, defendant was charged with two counts of second degree robbery (§ 211; counts 1 & 3). It was further alleged defendant personally used a firearm during the commission of counts 1 and 3 within the meaning of section 12022.53, subdivision (b). Finally, the People alleged defendant suffered two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) and three prior strike convictions pursuant to the "Three Strikes" law (§§ 667, subd. (b)-(j), 1170.12).

Also in 2018, defendant accepted a negotiated disposition wherein he pled no contest to counts 1 and 3 and admitted the firearm allegation pursuant to section 12022.53, subdivision (b). He admitted he suffered a prior strike conviction and two prior convictions within the meaning of section 667, subdivision (a). Defendant was sentenced to an aggregate term of 32 years comprised of five years in count 1, doubled to 10 years as a second striker, plus 10 years for the firearm enhancement; and one-third the midterm in count 3, one year, doubled to two years as a second striker, plus 10 years for the two 5-year section 667, subdivision (a)(1) enhancements.

On April 22, 2024, the California Department of Corrections and Rehabilitation (CDCR) filed a resentencing recommendation pursuant to section 1172.1, subdivision (a)(1). On October 1, 2024, defense counsel filed an accompanying petition outlining his requested sentence and attached evidence of his rehabilitation and further education, as well as a statement of remorse. On April 16, 2025, the People filed an opposition to any change in defendant's sentence based on the specific case factors and defendant's criminal history.

On May 7, 2025, the court held a hearing on the CDCR's resentencing recommendation. The court entertained oral argument from counsel as well as a statement from defendant. The court noted it considered the CDCR's recommendation, the parties' briefs and expressed its understanding of the changes in

2

the sentencing laws since the time of defendant's original sentencing.  The court resentenced defendant to the middle term on count 1, for a total term of 28 years.  The remainder of defendant's sentence was unchanged.

Defendant filed a timely notice of appeal.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.)  However, even if we do not independently review the record to identify unraised issues in a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised.  (See *id*. at p. 232.)

Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief.  We notified defendant of counsel's brief and gave defendant 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments he wished to be considered, and if he did not the appeal would be dismissed.

Defendant filed a supplemental brief within the time allowed.  In it, he asserted the firearm enhancement should be dismissed because "[t]he 'gun' used in both robberies was a 'toy' B.B. Gun" rather than a firearm.  Defendant's claim raised for the first time in this appeal is unavailing.  Defendant admitted the firearm allegation at the time of his 2018 plea.  The time to raise this concern would have been prior to entering his plea or after requesting and receiving a certificate of probable cause after his plea (see § 1237.5 ["No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere … except where both of the following are met: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the

3

legality of the proceedings [and] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court"].) Thus defendant's belated, self-serving statement does not undermine the validity of his admission and plea.

## DISPOSITION

The court's resentencing order is affirmed.

_____
LUI, P. J.        CHAVEZ, J.        GOORVITCH, J.

4